1
2
3
4              UNITED STATES DISTRICT COURT
5            NORTHERN DISTRICT OF CALIFORNIA
6
7   NATURAL RESOURCES DEFENSE COUNCIL, )   No. C-04-04448 SC
    INC., COMMITTEE TO BRIDGE THE GAP, )
    and CITY OF LOS ANGELES,           )
8                                      )   ORDER GRANTING
                    Plaintiffs,        )   FEDERAL DEFENDANTS'
9                                      )   MOTION TO ALTER OR
                                       )   AMEND JUDGMENT
10       v.                            )
                                       )
11                                     )
    DEPARTMENT OF ENERGY, SPENCER      )
12  ABRAHAM, Secretary, Department of  )
    Energy, and CAMILE YUAN-SOO HOO,   )
13  Manager, National Nuclear Security )
    Administration, Oakland Operations )
14  Office,                            )
                                       )
15                  Defendants.        )
16 _____    )

17  I.   **INTRODUCTION**

18         Now before the Court is the motion by the Department of

19  Energy, _et al._ ("Federal Defendants") to alter or amend the

20  Court's May 2, 2007 Order Granting Plaintiffs' Motion for Summary

21  Judgment, ("Summary Judgment Order", Docket No. 66) and the

22  Court's May 3, 2007 Judgment ("Judgment", Docket No. 67).  See

23  Mot., Docket No. 70.  The Federal Defendants argue that the

24  Court's award of attorneys' fees and costs was inappropriate

25  because the Judgment was not final and unappealable, and because

26  the Plaintiffs had not demonstrated that they meet the eligibility

27  requirements imposed by the Equal Access to Justice Act ("EAJA",

28  28 U.S.C. § 2412).  _Id._  Plaintiffs Natural Resources Defense

Council and Committee to Bridge the Gap (together referred to as the "Organizational Plaintiffs")[1] opposed the motion, and the Federal Defendants replied.  See Docket Nos. 72, 73.

Having reviewed the parties' arguments, the Court concludes that the award of attorneys' fees and costs was inappropriate, and therefore GRANTS the Federal Defendants' Motion to Alter or Amend Judgment.

**II.   LEGAL STANDARD**

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, "the district court has the discretion to reopen a judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions." Defenders of Wildlife v. Bernal, 204 F.3d 920, 928-29 (9th Cir. 2000).  While the court has considerable discretion in considering motions brought under Rule 59(e), there are at least four reasons the court may grant such a motion:  1) to correct a manifest error of law or fact upon which the judgment is based; 2) to present newly discovered or previously unavailable evidence; 3) to prevent manifest injustice; and 4) to account for an intervening change in the controlling law.  See Haskell v. State Farm Mut. Auto. Ins. Co., 187 F. Supp. 2d 1241, 1244 (D. Haw. 2002).

///

_____

[1]In addition to the Organizational Plaintiffs, the City of Los Angeles ("City") is a plaintiff in this action.  Neither the Summary Judgment Order nor the Judgment distinguished between the Organizational Plaintiffs and the City in holding that Plaintiffs were entitled to recover attorneys' fees and costs.  The City did not participate in the briefing of the present motion.

United States District Court
For the Northern District of California

**III. <u>DISCUSSION</u>**

The Federal Defendants contend that the Court prematurely awarded attorneys' fees and costs, and in so doing, committed legal error. <u>See</u> Mot. at 4. The Federal Defendants further argue that the award of damages was in error because the Plaintiffs have the burden of establishing their eligibility to recover, which they have not yet done. <u>Id.</u>

For the United States to be sued, Congress must include in the text of a statute a clear, unequivocal, specific statement of consent. <u>See</u> <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 37 (1992) ("[T]he 'unequivocal expression' of elimination of sovereign immunity that we insist upon is an expression in statutory text."). Where Congress has included a waiver of sovereign immunity in a statute, such waiver must be strictly construed. <u>See</u> <u>id.</u> at 34.

The Organizational Plaintiffs rely on the EAJA as a basis for recovery of costs and attorneys' fees. <u>See</u> Stipulation to Enlarge Time to File A Motion Concerning Attorneys' Fees and Costs, Docket No. 69. The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. 2412(d)(1)(A). A party seeking an award of fees and other expenses shall submit an application to the court within

United States District Court
For the Northern District of California

thirty days following a final judgment.  Id. § 2412(d)(1)(B).

Under the EAJA, a "party" is "any partnership, corporation,

association of local government, or organization, the net worth of

which did not exceed $7,000,000 at the time the civil action was

filed, and which had not more than 500 employees at the time the

civil action was filed."  Id. § 2412(d)(2)(B)(ii).  The net worth

limit does not apply to organizations exempt from taxation under

26 U.S.C. §501(c)(3).  Id.

Thus, in addition to prevailing on their original lawsuit and

receiving a final, unappealable verdict, the Organizational

Plaintiffs must also file a timely claim for costs and attorneys'

fees, prove their eligibility to recover under the EAJA, prove

that the Federal Defendants' position was not substantially

justified, and prove the absence of "special circumstances."  See

Sullivan v. Hudson, 490 U.S. 877, 883 (1989).

**A.    Final Judgment**

A party seeking to recover costs or fees under the EAJA must

submit an application within thirty days of final judgment.  28

U.S.C. § 2412(d)(1)(B).  "Final judgment" is defined as "a

judgment that is final and not appealable, and includes an order

of settlement."  Id. § 2412(d)(2)(G).  The thirty-day period for

filing an application to recover costs or attorneys' fees under

the EAJA does not begin to run until the time for the Government

to file a notice of appeal has expired.  See Melkonyan v.

Sullivan, 501 U.S. 89, 96 (1991) ("Accordingly, we hold that a

'final judgment' for purposes of 28 U. S. C. § 2412(d)(1)(B) means

a judgment rendered by a court that terminates the civil action

4

for which EAJA fees may be received.  The 30-day EAJA clock begins
to run after the time to appeal that 'final judgment' has
expired.").

    The thirty-day period established in the EAJA is an outer
limit, however.  The statute does not require a prevailing
plaintiff to wait for that period to expire before applying for
fees.  See Shalala v. Schaefer, 509 U.S. 292, 303 (1993) (holding
that application for fees under the EAJA was timely even though
the district court's judgment was still appealable); Koch v.
United States, 47 F.3d 1015, 1021 (10th Cir. 1995) ("Schaefer
therefore makes clear that a plaintiff may ask for attorney's fees
even when the time for appeal has not elapsed.").

    The Federal Defendants' authority to the contrary is
inapposite.  Of the three cases cited, two provide no support for
the conclusion that a request for fees prior to final judgment is
premature.  See United States v. Section 18, 976 F.2d 515, 521
(9th Cir. 1992); Sohappy v. Hodel, 911 F. 1312, 1321 (9th Cir.
1990).  Section 18 merely cites to Sohappy, which in turn cites
the Federal Defendants' third case, Papazian v. Bowen, 865 F.2d
1455, 1456 (9th Cir. 1988).  In Papazian, the Ninth Circuit found
timely an application for fees which was filed before the
administrative proceedings on remand were complete.  865 F.2d at
1456.  In reaching this conclusion, the court described a series
of rulings which illustrate its liberal reading of the EAJA,
including Auke Bay Concerned Citizen's Advisory Council v. Marsh,
779 F.2d 1391, 1393 (9th Cir. 1986), in which the court held that
an application for attorneys' fees filed prior to the end of the

5

period for appeal is timely, as long as the applicant meets the
eligibility requirements of 24 U.S.C. § 2412(d)(1)(b).  See id.
The Federal Defendants' final case is inapplicable because the
plaintiff there requested fees in its initial prayer for relief,
which the court held did not satisfy the EAJA requirements.  See
M.A. DeAtley Constr., Inc. v. United States, 71 Fed. Cl. 370, 372
n.1 (Fed. Cl. 2006).

Thus, if the Organizational Plaintiffs satisfy the conditions
for eligibility set forth in the EAJA, they need not wait until
the Federal Defendants exhaust their appeal to apply for
attorneys' fees and costs.  However, the Organizational Plaintiffs
have not actually filed an application under the EAJA.  In fact,
they have stipulated not to do so until the time for an appeal has
run because it would be inefficient to litigate the costs and fees
prior to that time.  See Docket No. 71.  Because the ruling that
Plaintiffs were entitled to recover costs and fees issued when an
application for such recovery had not been filed, the Court now
concludes that such ruling was made in error.

**B.  Eligibility to Recover Costs and Fees**

The foregoing conclusion regarding timeliness does not
relieve the Organizational Plaintiffs of the burden of proving
their eligibility to recover, which they have not satisfied.

The Organizational Plaintiffs provided the Court with
declarations attesting that they are non-profit organizations.[2]

---

[2]The City did not participate in the briefing on this motion,
and does not argue that it meets any of the EAJA requirements.  At
a minimum, then, the Court's award of fees and costs to
"Plaintiffs" was in error.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

See Declaration of Daniel Hirsch; Declaration of Thomas Cochran.
Even as non-profit entities, however, the Organizational
Plaintiffs must satisfy the size limitations imposed by the EAJA.
See 24 U.S.C. § 2412(d)(2)(B)(ii).  Neither of the Organizational
Plaintiffs has provided any evidence to prove they meet this
requirement.  That they may have been eligible to apply for fees
in litigation which concluded more than a decade ago does not
prove that they were eligible at the time they filed this suit.

Even if the Organizational Plaintiffs were to establish that
they meet the size limitations of the EAJA, the Federal Defendants
must be given the opportunity to establish that their position was
"substantially justified" or that "special circumstances make an
award unjust."  28 U.S.C. § 2412(d)(1)(A).  The Organizational
Plaintiffs argue that in light of this Court's prior ruling, the
Federal Defendants cannot possibly prove that their position was
substantially justified.  See Opp'n, 8-9.  If there were no way
for the Government to lose in litigation but prevail on the issue
of fees and costs, section 2412(d)(1)(A) would be meaningless.
The fact that the Organizational Plaintiffs prevailed at summary
judgment is not dispositive of whether the Federal Defendants'
position was substantially justified.  While the Court is mindful
of its previous criticisms of the Federal Defendants' position, it
will not deny them the opportunity to prove that position was
justified under the totality of the circumstances.  See Bullfrog
Films, Inc. v. Wick, 959 F.2d 782, 784 (9th Cir. 1992) ("The
district court is to take into account the totality of the
circumstances in deciding whether the government's position is

7

substantially justified."). The Organizational Plaintiffs'
authorities confirm the standard that the Federal Defendants must
satisfy to show that their position was substantially justified;
however, none of those cases suggests that the Court may conclude
the position was not justified without hearing the Federal
Defendants' argument on the matter. <u>See</u> <u>Gonzales v. Free Speech</u>
<u>Coalition</u>, 408 F.3d 613 (9th cir. 2005); <u>Thangaraja v. Gonzales</u>,
428 F.3d 874 (9th Cir. 2005); <u>United States v. $100,348.00 in U.S.</u>
<u>Currency</u>, 354 F.3d 1110 (9th Cir. 2004).[3]

**IV.   <u>CONCLUSION</u>**

For all of the foregoing reasons, the Court finds that its
prior holding that the Plaintiffs are entitled to recover their
attorneys' fees and costs was made in error. The Court therefore
GRANTS the Federal Defendants' Motion to Alter or Amend Judgment,
and ORDERS as follows:

1. The Court's May 2, 2007 Order Granting Plaintiffs' Motion
for Summary Judgment (Docket No. 66), is hereby AMENDED to delete
in its entirety the following sentence from page 47: "The Court
further AWARDS Plaintiffs costs, disbursements, and attorneys'

---

[3]In their Opposition Brief, the Organizational Plaintiffs ask
the Court to amend the Summary Judgment Order and the Judgment to
include an express finding that the Federal Defendants' position
was not substantially justified. <u>See</u> Opp'n at 8-9. The Court
denies this request. The Organizational Plaintiffs could have
filed a properly noticed motion under Rule 59. Their failure to do
so violates the local rules governing motion practice. <u>See</u> Civ.
L.R. 7-1(a), 7-2(a), 7-2(b). Further, in light of the discussion
herein, such a request is improper as it would deny the Federal
Defendants the opportunity to argue that their position was
substantially justified.

United States District Court
For the Northern District of California

fees reasonably expended in their work up to this date which has caused in the instant result."

    2.  The Court's May 3, 2007 Judgment is hereby VACATED.


    IT IS SO ORDERED.


    Dated: August 15, 2007

                                                                           UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

9